UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONCEPCION NIETO DE GIANINI,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00416-CDB (SS)<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)<br><br>(Doc. 30) |

Pending before the Court is the motion of Jonathan Omar Peña ("Counsel"), counsel for Plaintiff Maria Concepcion Nieto de Gianini ("Plaintiff"), for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), filed on May 5, 2026. (Doc. 30). Counsel seeks attorney's fees in the amount of $23,154.12 for representing Plaintiff in this action. *Id.* at 1. Defendant filed a response asserting no opposition to Counsel's motion (*see* Doc. 33); Plaintiff did not file a response to the motion and the time to do so has expired.

For the reasons set forth below, Counsel's motion for attorney's fees will be granted.[1]

///

[1] Both parties consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 10).

## I. Relevant Background

On June 10, 2020, Plaintiff and Counsel entered into a contingency fee agreement. *See* (Doc. 30-3). They agreed that Counsel would receive attorney's fees in the amount of 25% of the past-due benefits in the event of an award. *Id.* at 1. The agreement provided that Counsel could seek fees pursuant to the Equal Access to Justice Act ("EAJA"), with the smaller fees of that award to be refunded in the event of an award of past-due benefits. *Id.*

Plaintiff filed a complaint in this Court on March 15, 2021, appealing the Commissioner of Social Security's ("Commissioner" or "Defendant") decision denying her application for benefits. (Doc. 1). On April 2, 2025, the Court granted Plaintiff's motion for summary judgment, remanded the action, and entered judgment in favor of Plaintiff. (Docs. 26, 27).

On July 3, 2025, the Court granted the parties' stipulated request for award and payment of attorney's fees pursuant to the EAJA (Doc. 28) and Counsel was awarded EAJA fees in the amount of $8,471.78. (Doc. 29).

Following remand, an administrative hearing was held, and the presiding Administrative Law Judge ("ALJ") issued a favorable decision awarding benefits to Plaintiff. (Doc. 30 at 3; Doc. 30-2). The Social Security Administration (the "Agency") sent Plaintiff a Notice of Award dated May 1, 2026. (Doc. 30-2 at 1). The 25% allocation of Plaintiff's total past-due award ($92,616.48) amounted to $23,154.12. (Doc. 30 at 3); *see* (Doc. 30-2 at 3).

On May 5, 2026, Counsel filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b) seeking an award of $23,154.12 in attorney's fees, representing 25% of Plaintiff's past-due benefits. (Doc. 30 at 1). That same day, Counsel filed a proof of service that the instant motion was served on Plaintiff by U.S. mail. (Doc. 31). Defendant filed a statement of non-opposition to the motion. (Doc. 33). Plaintiff did not file an opposition or statement of non-opposition to Counsel's motion and the time to do so has passed.

## II. Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…

42 U.S.C.§ 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 808-08 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable). In determining whether the requested fee is reasonable, a court considers (1) the character of the representation and the results achieved by the representative, (2) whether the attorney is responsible for delay in effectuating benefits, and (3) whether the requested fee is reasonable in light of the amount of time the attorney spent in litigating the case. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1149.

## III. **Discussion**

Counsel for Plaintiff's motion demonstrates that the request for attorney's fees is reasonable. Counsel is an experienced attorney who secured a successful result for Plaintiff in this action. *See* (Doc. 30 at 7); (Docs. 26, 27). There is no indication that a reduction of fees is warranted due to any substandard performance by Counsel. There is also no evidence that Counsel engaged in any dilatory conduct resulting in excessive delay. Indeed, Counsel's itemized bill reflects 36.25 hours of attorney time to review the 1099-page administrative record and draft a motion for summary judgment raising four issues for review. (Docs. 12, 18). The Court finds 36.25 hours is a reasonable amount of time for the performance of those tasks.

The Court also finds that the total amount sought does not appear to be disproportionate to the amount of time Plaintiff's counsel spent on the case. Counsel for Plaintiff requests an hourly

rate of $638.73 ($23,154.12 / 36.25 hours). (Doc. 30 at 4-5). The amount requested does not constitute a windfall. *See Crawford*, 586 F.3d at 1153 (J. Clifton, concurring in part and dissenting in part) (noting that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902); *see also*); *Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding effective hourly rate of $2,307.69 per hour not excessive); *Smith v. Kijakazi*, No. 1:13-cv-01717-BAK-SKO, 2022 WL 1471035, at *2 (E.D. Cal. May 10, 2022) (collecting cases and finding that $801.44 hourly rate was appropriate); *cf. Soriano v. Saul*, 831 Fed. App'x 844, 844-45 (9th Cir. 2020) (holding the district court had discretion to determine that a fee award of $20,000 for 17.7 hours of work, an effective hourly rate of $1,129.94, did amount to a windfall).

Similarly, the $23,154.12 total amount is consistent with contingent fee awards granted under § 406(b). *See, e.g.*, *Aguilera v. Comm'r of Soc. Sec.*, No. 1:21-cv-00819-GSA, 2024 WL 3937517, at *2 (E.D. Cal. Aug. 23, 2024) ($27,699.75); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Jamieson v. Astrue*, No. 1:09-cv-0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500.00).

Accordingly, the Court finds the fees sought by Counsel are reasonable given the results achieved in this action. An award of attorney's fees pursuant to § 406(b) in the amount of $23,154.12 is appropriate but must be offset by any prior award of attorney's fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $8,471.78 in fees pursuant to the EAJA (Doc. 29), Counsel shall refund the amount of $8,471.78 to Plaintiff.

## IV. <u>Conclusion and Order</u>

Accordingly, IT IS HEREBY ORDERED:

1. Counsel for Plaintiff Jonathan Omar Peña's unopposed motion for authorization of attorney fees under 42. U.S.C. § 406(b) (Doc. 30) is GRANTED;
2. Counsel for Plaintiff Jonathan Omar Peña is awarded § 406(b) attorney's fees in the amount of $23,154.12; and

3. Upon the receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Counsel for Plaintiff Jonathan Omar Peña shall reimburse to Plaintiff the full amount of the EAJA fee ($8,471.78) previously awarded (Doc. 29).

IT IS SO ORDERED.

Dated: **September 15, 2026**

UNITED STATES MAGISTRATE JUDGE